**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD A. ALLEN,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>       Defendants. | Civil Action No. 22-6958 (JXN)(AME)<br><br><br>**OPINION** |

**NEALS**, District Judge

  Before the Court is *pro se* Plaintiff Donald A. Allen's ("Plaintiff") civil rights Complaint ("Complaint), filed pursuant to *Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and Administrative Procedure Act ("APA"), 5 U.S.C. § 702. (ECF No. 1.) The Honorable John Michael Vazquez, U.S.D.J. (ret) ("Judge Vazquez")[1] previously granted Plaintiff's application to proceed *in forma pauperis* and issued an Order to Show Cause as to why the Court should not dismiss this matter as time-barred. (ECF Nos. 4, 6.) Plaintiff filed a response to the Order to Show Cause. (ECF No. 7.) Also before the Court are Plaintiff's motions for a ruling. (ECF Nos. 18, 20.) The Court has considered Plaintiff's submissions and must now screen Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). For the reasons stated herein, Plaintiff's claims are **DISMISSED *with prejudice*** as untimely and for lack of jurisdiction, and Plaintiff's motions for a ruling are **DISMISSED as moot**.

---

[1] This matter has been reassigned to the undersigned for all further proceedings. (ECF No. 9.)

I.  **BACKGROUND**

On or about December 6, 2022, Plaintiff, an inmate currently confined at Federal Correctional Institute Seagoville, in Seagoville, Texas, filed his Complaint against (1) United States of America; (2) Deportation Officer Billy Green ("Green"); (3) Supervisory Deportation Officer Juan Shaughnessy ("Shaughnessy"); (4) Supervisory Deportation Officer Mark Saccamano ("Saccamano"); and (5) Acting Field Director Raymond A. Simonse ("Simonse") (collectively "Defendants"). (ECF No. 1 at 2-4.) The Complaint raises claims under *Bivens*, the FTCA, and the APA. (*See generally* ECF No. 1.)

Previously, in September 2013, Plaintiff filed a complaint before the Honorable Jerome B. Simandle, U.S.D.J. (ret) ("Judge Simandle"), raising similar claims related to his deportation from the United States of America to Jamaica. (*See Allen v. Holder*, No. 13-5736, ECF No. 1.) In August 2016, Judge Simandle dismissed Plaintiff's complaint without prejudice as time-barred and for lack of jurisdiction and provided Plaintiff with an opportunity to amend his complaint. (*Id.*, see ECF Nos. 7 and 8.) Plaintiff did not amend his complaint in that civil action. Instead, in his instant Complaint, Plaintiff mentions his previous matter and indicates that one of his documents is a "leave to amend motion" (ECF No. 1-4). However, Plaintiff has brought this action against an entirely new set of Defendants, four years after Judge Simandle dismissed his previous complaint. (*Compare* ECF No. 1 and *Allen*, No. 13-5736, ECF No. 1.) Therefore, the Court proceeds with the instant Complaint as a new matter and not as an amendment to Plaintiff's previous civil action.

In the Complaint, Plaintiff submits that he is a "native and citizen of Jamaica" who entered the United States on an "F-1 Visa" in August 1994, to attend the University of Bridgeport in Connecticut. (ECF No. 1 at 10.) Plaintiff acknowledges that in January of 1998, he was arrested and charged with "attempted criminal possession of a controlled substance" in New York. (*Id.*) Plaintiff pled guilty to the charge against him in November 1999 and was sentenced to five years'

2

probation. (*Id.*) On April 19, 2001, Plaintiff applied for "Permanent Residence/Adjustment of Status," along with a "Petition for Alien Relative," which was filed by his wife. (*Id.*) Plaintiff claims that the "Petition for Alien Relative" was approved on July 23, 2001. (*Id.*) In July 2001 and February 2002, Plaintiff's attorney inquired into the status of his Adjustment of Status Application. (*Id.*)

Plaintiff claims that on August 8, 2003, he was again arrested in New Jersey, "where he was bonded out without any immigration issues." (*Id.*) Plaintiff submits that on July 5, 2005, he was charged with a violation of probation stemming from his 1999 conviction. (*Id.*) In July 2005, Immigration and Customs Enforcement ("ICE") agents questioned Plaintiff, and he refused to sign documents without his attorney. (*Id.*) Plaintiff alleges that agents then lodged a detainer against him. (*Id.*) Plaintiff claims that he then missed his scheduled interview due to his incarceration, and his "application" was denied. (*Id.* at 11.)

In November 2005, Plaintiff was sentenced to a term of one year imprisonment for a probation violation. (*Id.*) On March 6, 2006, Plaintiff was released to ICE custody, where he was placed in "expedited removal" and was "improperly removed on June 1, 2006." (*Id.*) Plaintiff claims that at the time of his removal, he had an "open criminal matter in the state of New Jersey and his New York state conviction [was] on 'direct appeal.'" (*Id.*)

Plaintiff argues that Defendants violated his constitutional right to due process by issuing a warrant of removal when they should have performed a database search that would have shown that Plaintiff had open criminal matters. (*Id.* at 14, 16.) Plaintiff alleges that his removal was unlawful because it violated the "mandatory stay required under 8 C.F.R. § 1003.23(b)(4)(iii)(c) as he filed his motion to reopen his proceedings." (*Id.* at 22.)

Plaintiff seeks monetary compensation and declaratory relief. (*Id.* at 25.)

3

## II.       STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

4

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

In the Complaint, Plaintiff alleges Defendants are liable to him under *Bivens* for violating his constitutional right to due process in the deportation process. (ECF No. 1 at 14, 16-19.) Plaintiff also brings claims under the FTCA, arguing negligence and intentional and negligent infliction of emotional distress. (*Id.* at 9, 12-15.) Finally, Plaintiff brings an APA claim based on his deportation. (*Id.* 21-24.)

### A. Statute of Limitations- *Bivens* Claims

Plaintiff argues that Defendants are liable under *Bivens* for violating his due process rights in the deportation process. (ECF No. 1 at 14, 16-19.) Plaintiff also brings claims of negligence and intentional and negligent infliction of emotional distress against Defendants under the FTCA. ((Id. at 9, 12-15.) Plaintiff's *Bivens* and FTCA claims are time-barred.

"A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). "The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment." *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018) (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). Plaintiff sues Defendants as federal actors for violations of his due process and their negligent acts.

A District Court can raise the issue of the statute of limitations *sua sponte* at the screening stage. *See Hunterson v. Disabato*, 532 F. App'x 110, 111-12 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent

5

from the complaint that the applicable statute of limitations has run."). Our jurisprudence takes the statute of limitations for a *Bivens* claim from the forum state's personal injury statute. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009) (per curiam). New Jersey's statute of limitations for personal injury actions is two years. *See* N.J. Stat. § 2A:14–2. "While state law provides the applicable statute of limitations, federal law controls when a *Bivens* claim accrues." *Peguero v. Meyer*, 520 F. App'x 58, 60 (3d Cir. 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

A plaintiff suing under the FTCA must present the offending agency with a notice of the claim within two years of the accrual of the claimant's cause of action. *See* 28 U.S.C. § 2401(b); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010). The agency then has 6 months to settle or deny the claim. *See* 28 U.S.C. § 2675(a). If the agency denies the claim, a claimant then has six months from receiving a notice of final denial to bring suit in federal court. 28 U.S.C. § 2401(b). Failure to comply with either the two-year window to submit an administrative claim or the six months to file suit renders a claimant's cause of action barred. *See Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018).

Generally, a claim accrues in a federal cause of action when "a plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quoting B*ay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). For *Bivens* claims, accrual occurs "when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action." *Wooden v. Eisner*, 143 F. App'x 493, 494 (3d Cir. 2005) (citing *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). When a FTCA claim accrues is also a

question of federal law. *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006) (citing *Tyminski v. United States*, 481 F.2d 257, 262-63 (3d Cir. 1973)).

Here, Plaintiff raises *Bivens* claims against Defendants arising from alleged violations of his due process rights and FTCA claims arising from Defendants' allegedly negligent acts, which he claims resulted in his improper removal from the United States on June 1, 2006. Plaintiff acknowledges that in April 2006, at the time of his allegedly improper removal, he had filed a motion to reopen his pending removal in part based on his ongoing criminal matters. (*See* ECF No. 7-2 at 3-5.) Therefore, Plaintiff knew or should have known of the alleged constitutional violations of his rights and the torts against him at the time of his deportation in June 2006. Consequently, at the latest, the statute of limitations on Plaintiff's *Bivens* and FTCA claims regarding his improper removal from the United States accrued on June 1, 2006, and expired two years later in June 2008. Plaintiff did not file his Complaint here until December 2022. (ECF No. 1.) Additionally, Plaintiff did not present Defendants with a notice of tort claim until October 20, 2021. (*See* ECF No. 1-6 at 45-47.) Therefore, his *Bivens* and FTCA claims are barred by the two-year statute of limitations. Absent equitable tolling, Plaintiff's *Bivens* and FTCA claims must be dismissed as time-barred.

Equitable tolling may apply to claims brought against the Government. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-96 (1990) (because federal statutes of limitations are not jurisdictional, "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States."). "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace*, 549 U.S. at 396. According to the Third Circuit Court of Appeals, tolling is generally only appropriate in three instances:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting [his] claim as a

7

> result of other extraordinary circumstances; or (3) where the plaintiff asserts [his] claims in a timely manner but has done so in the wrong forum.

*Kach v. Hose*, 589 F.3d 626, 643 (3d Cir. 2009) (quotation marks and citations omitted); *see Santons ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (applying equitable tolling to FTCA claims). To obtain the benefit of equitable tolling, a party also must show that he "exercised due diligence in pursuing and preserving [his] claim." *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

In response to Judge Vasquez's Order to Show Cause, Plaintiff argues that he is entitled to equitable tolling because his "improper removal created the delay in filing his Complaint as he had no access to a functioning Court and no access to any law materials." (ECF No. 7 at 2.) Plaintiff argues that "the personal circumstances of [his] case were extraordinary and prevented him from asserting his rights." (*Id.* at 6.) Plaintiff claims that he has no legal training, that government officials told him he was not a United States citizen, that there was no relief available to him, and that he was unable to effectively prosecute his claims while in Jamaica. (*Id.* at 8-9.) Plaintiff also alleges that the errors in his removal documents were concealed until he received a Freedom of Information Act document in September 2014. (*Id.* at 16-17.) Finally, Plaintiff argues that his filing of a motion to reopen removal proceedings in April 2006 and his grievances to ICE in 2013 and 2015 show that he was diligently pursuing his rights. (*Id.* at 21-22.)

The Court finds that equitable tolling does not apply to this case. First, the Court construes Plaintiff's response to the Order to Show Cause as arguing that his statutory limitations period should be equitably tolled based on Defendants' deceit. Plaintiff alleges that the errors in his removal documents were concealed until he received a Freedom of Information Act document in September 2014. (ECF No. 7 at 16-17.) Plaintiff also alleges that government officials told him that he was not a United States citizen and that there was no relief available to him. (*Id.* at 8-9.)

8

These arguments are unconvincing. As noted above, in April 2006, Plaintiff filed a motion to reopen his removal proceedings based on his pending criminal matters and what he believed was an incorrect finding that he had been convicted of a felony. In April 2006, Plaintiff was aware of the issues he now presents as errors in his removal proceedings. Plaintiff has not produced evidence that deception on Defendants' part prevented him from timely asserting his rights. Nor does Plaintiff produce evidence that Defendants actively misled Plaintiff. Although Plaintiff contends that agents told Plaintiff that he was not a United States citizen, this information appears to be accurate, and Plaintiff offers no other context for this comment.

Next, in response to Judge Vasquez's Order to Show Cause, Plaintiff argues that he is entitled to equitable tolling because his "improper removal created the delay in filing his complaint as he had no access to a functioning Court and no access to any law materials." (*Id.* at 2.) Plaintiff argues that "the personal circumstances of [his] case were extraordinary and prevented him from asserting his rights." (*Id.* at 6.) Plaintiff claims that he was unable to effectively prosecute his claims while in Jamaica because he could not access the court. (*Id.* at 8-9.) Plaintiff being in a different country does not present an extraordinary circumstance for equitable tolling. An individual can file suit through the mail or electronically. Physical presence in court is not required for a filing.

Giving *pro se* Plaintiff the benefit of the doubt, even if the Court considered the time he was deported to Jamaica in 2006, until he returned to the United States illegally in 2010 as tolled, Plaintiff then waited twelve years to file the instant Complaint against Defendants. Additionally, even if the Court considered Plaintiff's 2013 complaint before Judge Simandle, that complaint was filed three years after his 2010 return to the United States, and his claims were already time-barred. Plaintiff offers no explanation for his inability to file a complaint between 2010 and 2013. In

9

August 2016, Judge Simandle dismissed that first complaint without prejudice, finding the claims were time-barred. Plaintiff failed to amend his complaint in that action. Instead, Plaintiff waited an additional six years to file the instant Complaint against a new set of defendants in December 2022. Plaintiff fails to explain why he was unable to pursue his originally filed complaint in a diligent manner in 2016. Rather, Plaintiff makes a vague assertion that he was "again removed from the United States shortly after receiving [Judge Simandle's] Opinion." Plaintiff offers no evidence as to when he was removed for the second time or when he returned to the United States. Plaintiff has failed to present facts to show that some extraordinary circumstance prevented him from timely pursuing his claims for twelve years. Plaintiff does not allege that he attempted to bring his action in a timely manner in the wrong forum. *See Kach*, 589 F.3d at 643.

As Plaintiff has failed to meet the standard for equitable tolling, Plaintiff's *Bivens* and FTCA claims are barred by the statute of limitations. Accordingly, these claims are **dismissed with prejudice**.

### B. Failure to State a Claim- Administrative Procedures Act

In the Complaint, Plaintiff indicates that he is bringing a claim under the APA. (ECF No. 1 at 9.) The Court construes the Complaint as arguing that government officials' actions violated various statutes and regulations in the improper removal of Plaintiff in violation of the APA. (*See id.* at 21-24.) The Court lacks jurisdiction over this claim.

The APA "provides for judicial review of 'final agency action.'" *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 247 (3d Cir. 2011) (quoting 5 U.S.C. § 702). Thus, Congress waived sovereign immunity through the APA for suits against the United States involving a "legal wrong because of agency action." *See Temple Univ. Hosp., Inc. v. Sec'y U.S. Dept. of Health & Human Servs.*, 2 F.4th 121, 132 (3d Cir. 2021); 5 U.S.C. § 702. The APA provides that court

10

review is available as to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see Hoxha v. Levi*, 465 F.3d 554, 564 (3d Cir. 2006). Section 701(a)(1) of the APA states that review of an agency decision is not available, however, if "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). And section 701(a)(2) expressly excepts from judicial review "agency action . . . committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

"To support APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary." *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005). Here, Plaintiff's Complaint alleges that Defendants' actions led to his improper removal. The actions he is challenging —i.e., Defendants' failure to consider his ongoing criminal appeal and pending criminal case, Defendants' indication that Plaintiff was convicted of a felony, and Defendants' indication that Plaintiff had waived his rights —were not final agency actions. Rather, they were actions that occurred before the final administrative action of issuing a final order of removal. Therefore, the Court lacks jurisdiction, under the APA, to review Plaintiff's claims that agency officials failed to follow various statutes and regulations.

Additionally, the United States Court of Appeals for the Third Circuit has held that district courts have jurisdiction under the APA to review Board of Immigration Appeals decisions other than final orders of removal. *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014). Section 1252(g) strips federal court jurisdiction over "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.* Stated differently, the statute precludes judicial review of ICE's prosecutorial discretion to engage in three discrete types of actions: to commence proceedings, to adjudicate cases, or to execute removal orders. *Reno v. Am. Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-83 (1999). Judicial review "of all questions

11

of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Pursuant to the REAL ID Act, final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals. *See* 119 Stat. 310 (2005), 8 U.S.C. § 1252(a)(5).

Accordingly, this Court is unable to review Plaintiff's final order of removal, or the actions directly related to the final order, and a petition for review to the Third Circuit Court of Appeals is the "sole and exclusive means of judicial review" of Plaintiff's order of removal. *See Verde-Rodriguez v. Attorney Gen. U.S.*, 734 F.3d 198, 201 (3d Cir. 2013) (quoting 8 U.S.C. § 1252(a)(5)); *see also* 8 U.S.C. § 1252(b)(9). Therefore, the Court lacks jurisdiction to review Plaintiff's claims challenging his final order of removal, and said claims are **dismissed with prejudice**.

### IV. CONCLUSION

For the reasons set forth above, the Complaint (ECF No. 1) is **DISMISSED** *with prejudice*. Specifically, Plaintiff's *Bivens* and FTCA claims are **dismissed with prejudice** as time-barred, and Plaintiff's APA claims are **dismissed with prejudice** based on lack of jurisdiction. Plaintiff's motion for a ruling (ECF No. 18) is **DISMISSED as moot**. An appropriate Order follows.

**DATED**: 10/27/2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge